IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC FORNEY and | * | |
| VIRGINIA CONDON, | * | |
| Plaintiffs, | * | |
| vs. | * | CIVIL ACTION NO. MJG-00-2845 |
| P. THOMAS SHANAHAN, | * | |
| TIMOTHY R. BOWMAN, | | |
| JANET S. OWENS, | | |
| ANNE ARUNDEL COUNTY, MARYLAND, | * | |
| STEPHEN C. PERRON, and | | |
| JOHN DOES 1-5 | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

The Court has before it Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment. The issues have been fully briefed, and no hearing is necessary to resolve this motion.

I.   BACKGROUND[1]

Plaintiffs are Eric Forney[2] and Virginia Condon. Eric

---

[1]   The facts are stated as alleged by Plaintiffs in the Complaint.

[2]   Eric Forney is proceeding individually and also as the Personal Representative of the Estates of Brandi Forney and Kelsi



Forney is the surviving husband of Brandi Forney, and surviving father of Kelsi Forney. Virginia Condon is the surviving mother of Brandi Forney. Defendants are P. Thomas Shanahan, Police Chief of the Anne Arundel County Police Department ("AACPD"), Timothy R. Bowman, Captain of the Eastern District of the AACPD, Janet S. Owens, County Executive for Anne Arundel County, Maryland, Anne Arundel County, Maryland, Officer Stephen C. Perron, Police Officer for the AACPD, and John Does 1-5, Police Officers for the AACPD. All Defendants are being sued in their individual and official capacities.

On or about November 19, 1999 at approximately 5:00 p.m., Brandi Forney was operating her motor vehicle in which her infant child, Kelsi Forney, was a passenger properly secured in the back seat. The car, traveling southbound on Old Mill Road in Anne Arundel County, arrived at a stop sign at the intersection of Old Mill Road and Old Mill Boulevard. Mrs. Forney proceeded through the intersection after coming to a full stop and looking both ways. Suddenly, and without warning, a police car, operated by AACPD Officer Stephen C. Perron, struck Mrs. Forney's vehicle, causing it to be propelled approximately seventy-five feet west of the point of impact. The accident caused Mrs. Forney and

---

Forney.

Kelsi to suffer fatal injuries resulting in their deaths. At the time of the incident, Officer Perron was on duty with the AACPD and acting under color of state law. Shortly after the accident, Officer Perron and several unknown individuals, also acting under color of state law and the guise of an official investigation, intentionally caused skid marks to be placed at the scene and used paint to obliterate and destroy evidence pertaining to the incident described herein.

Plaintiffs sent timely notification of their claims to Defendants pursuant to the Local Government Tort Claims Act, Md. Code Ann., Cts. & Jud. Proc. §§ 5-301 et seq. The claims were denied, permitting Plaintiffs to file the instant lawsuit on September 21, 2000.[3] The Complaint asserts the following federal and state law claims:

| | |
|---|---|
| Count I | Violation of Constitutional Rights Seeking Redress Pursuant to 42 U.S.C. § 1983 |
| Count II | Negligence - Wrongful Death |
| Count III | Negligence - Survival Action |
| Count IV | Negligent Hiring, Supervision and Retention |

Defendants now move to dismiss for failure to state a claim

---

[3] On November 16, 2000, Officer Perron filed a counter-claim for contributory negligence against the Estate of Brandi Forney.

upon which relief can be granted, or, in the alternative, for summary judgment.

## II. LEGAL STANDARD

Because Plaintiffs have not yet been afforded a "reasonable opportunity for discovery," the motion currently pending before this Court will be treated as a 12(b)(6) motion to dismiss rather than a motion for summary judgment. Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985) (citing Johnson v. RAC Corp., 491 F.2d 510, 515 (4th Cir. 1974)).

It is well settled that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). However, the plaintiff is not required to "set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47. In evaluating a motion to dismiss under Rule 12(b), the court must accept the well-pled allegations of the complaint as true, and construe all facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. Ibarra

v. United States, 120 F.3d 472, 474 (4th Cir. 1997). The court need not, however, accept conclusions of law or unwarranted deductions of fact. Mylan Lab., Inc. v. Akzo, N.V., 770 F. Supp. 1053, 1059 (D. Md. 1991).

III. DISCUSSION

    A.    Federal Claims (Count I)

Because 42 U.S.C. § 1983 does not create substantive rights, but rather, provides a remedy for the deprivation of rights established by the U.S. Constitution or other federal law, a violation of some federal right must be alleged in order to state a § 1983 claim. Baker v. McCollan, 443 U.S. 137, 144 n.3 (1970). In the instant case, Plaintiffs allege in Count I of the Complaint a violation of their substantive and procedural due process rights. (Compl. ¶ 23.)

    1.    Right to Life

It is well-settled that "the substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" County of Sacramento v. Lewis, 523 U.S. 833, 847 (1998) (quoting Collins v. Harker Heights, 503 U.S. 115, 128 (1992)). The Supreme Court has

repeatedly "rejected the lowest common denominator of customary tort liability as any mark of sufficiently shocking conduct, and ha[s] held that the Constitution does not guarantee due care on the part of state officials; <u>liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process</u>." <u>Id.</u> at 848-49 (citations omitted) (emphasis added). In the context of motor vehicle accidents resulting from high-speed police pursuit, even greater levels of culpability, such as gross negligence or recklessness, fall below the constitutional standard for conscience-shocking behavior. <u>Id.</u> at 854.

Plaintiffs allege in Count I that "Defendant Ofc. Perron engaged in intentional conduct which was conscious [sic] shocking in its recklessness." (Compl. ¶ 22.) This statement, however, is both paradoxical and conclusory. As explained above, reckless conduct in the context of motor vehicle accidents does not satisfy the conscience-shocking standard needed for a substantive due process violation. Moreover, the actual factual allegations regarding the motor vehicle accident do not support an inference of intentional conduct.

Accordingly, Plaintiffs have failed to state a § 1983 claim inasmuch as they do not allege a violation of Constitutional rights by virtue of the motor vehicle accident.

## 2. Fundamental Right of Access to the Courts

Plaintiffs' allegations of a post accident conspiracy to "cover up" the incident state a valid § 1983 claim. Plaintiffs had, and have, a fundamental right of access to the courts. This type of right was recognized by the Supreme Court in <u>Chambers v. Baltimore & Ohio R.R. Co.</u>, 207 U.S. 142, 148 (1907) ("The right to sue and defend in the courts is the alternative of force. In an organized society it is the right conservative of all other rights, and lies at the foundation of orderly government."). Addressing the precise issue presented here, the Sixth Circuit Court of Appeals has explained:

> [A] conspiracy to cover up a killing through judicial redress, interferes with the due process right of access to courts . . . Judicial access must be "adequate, effective, and meaningful." To deny such access defendants need not literally bar the courthouse door or attack plaintiffs' witnesses. This constitutional right is lost where, as here police officials shield from the public and the victim's family key facts which would form the basis of the family's claims for redress. A contrary interpretation of the right to due process would encourage police officials to conceal the circumstances relating to unlawful killings committed under color of state law and other deprivations of federal rights which Section 1983 was designed to remedy.

<u>Bell v. City of Milwaukee</u>, 746 F.2d 1205, 1261 (7th Cir. 1984) (citations omitted); <u>see also</u> <u>Delew v. Wagner</u>, 143 F.3d 1219, 1222-23 (9th Cir. 1998) (reversing the district court's dismissal of a § 1983 claim based on the right of meaningful access to the

courts, holding that an alleged police conspiracy to cover-up the true facts of a motor vehicle accident involving the wife of an officer rendered the plaintiffs' state court remedies ineffective).

In Bell, a police officer shot and killed an unarmed fleeing suspect. The plaintiffs filed a federal civil rights lawsuit, claiming that an official conspiracy to "cover up" the true facts deprived them of their due process and equal protection rights. Id. at 1224. Specifically, they alleged, inter alia, that the officer planted a knife in the decedent's hand, falsified police reports, and encouraged fellow officers to distort the truth. Id. at 1215-17. The district court denied the defendants' motion to dismiss and subsequent motion for summary judgment. A jury then found for the plaintiffs, and the defendants appealed. The Sixth Circuit affirmed, concluding that the defendants' actions "rendered hollow" the plaintiffs' right to seek redress under Wisconsin wrongful death law. Id. at 1261. The court explained that "the constitutional 'duty' imposed in this case is simply the requirement that employees involved in the investigation of a wrong perpetrated by a co-employee under color of state law not conceal the perpetration of that wrong." Id. at 1262.

In the instant case, Plaintiffs allege that Defendants "conspired to intentionally spoliate, obliterate, or destroy

evidence" relating to the motor vehicle accident, (Compl. ¶ 16), and that such conduct "was intended and designed to deprive Plaintiffs of substantive and procedural due process of law," (id. ¶ 23). Specifically, Plaintiffs state that Defendants caused skid marks to be placed at the scene and used paint to destroy evidence. (Id. ¶ 16.)

As discussed below, Plaintiffs are entitled to a pursue a claim for negligent operation of an emergency vehicle under Maryland law against either Anne Arundel County or Officer Perron. Any attempt, therefore, to "cover up" the circumstances surrounding the accident would directly interfere with Plaintiffs' right to seek redress under Maryland law. As Bell made clear, such conduct deprives Plaintiffs of due process of law.

Defendants' bald assertion that "there can be no claim for a conspiracy to obliterate evidence if the evidence does not relate to an incident that gives rise to a Constitutional violation," (Reply Mem. at 5), is meritless.

Defendants' "cover up" conduct as alleged in the Complaint, violates Plaintiffs' Constitutional right of access to the courts because it was intended and designed to interfere with Plaintiffs' ability to prove the requisite culpability under Maryland law. Accepting the well-pled allegations of the

9

Complaint as true, as the Court must on a motion to dismiss, Plaintiffs state in Count I a claim under § 1983 with respect to the alleged conspiracy to destroy evidence. Accordingly, Defendants' motion to dismiss that claim is denied.[4]

It must be noted that the Court is not now ruling on the question of whether Plaintiffs' recovery on the instant claim is unaffected by applicable State law damages limitations. Indeed, it is alleged that the alleged Constitutional violation deprived the Plaintiffs of their right to pursue a State law claim. Therefore, it may well be that the pertinent damages would be the amount that would been recovered on the State law claim absent the Constitutional violation. Hence, the § 1983 claim may only add an ability to recover legal fees to Plaintiffs' recovery under their State law claims.

### 3.  Immunities and Liability

Defendants contend that even if Plaintiffs state a valid § 1983 claim, Officer Perron is entitled to qualified immunity

---

[4]  Defendants argue that a claim for inadequate training under § 1983 cannot be made out against a supervisory authority absent a finding of a constitutional violation on the part of the person being supervised. Because the Court finds that Plaintiffs have adequately alleged a constitutional violation by Officer Perron and his unknown colleagues, the claims against Officer Perron's supervisors will not be dismissed. The claims against John Does 1-5 will also remain pending.

pursuant to Harlow v. Fitzgerald, 457 U.S. 800 (1982) and all other Defendants are shielded from liability under Monell v. New York City Dept. of Social Servs., 436 U.S. 658 (1978). Both arguments fail and can be resolved with little discussion.

      a.    Qualified Immunity

Under Harlow, government officials enjoy qualified immunity from civil damages in § 1983 suits based on their performance of discretionary functions only "so far as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow, 457 U.S. at 818. The test is an objective one. In other words, if a reasonable person in the officer's position would have known that his actions violated a clearly established federal right, the officer is not immunized. Pritchett v. Alford, 973 F.2d 307, 312 (4th Cir. 1992). As already discussed, interference with Plaintiffs' ability to seek "meaningful, adequate, and effective" judicial redress is a clearly established violation of their constitutional right of access to the courts. It is obvious that a reasonable person in Officer Perron's position would have known that destroying and tampering with evidence at the scene of an accident for which he or the County could found be liable would deprive Plaintiffs of this fundamental right. See, e.g.,

11

DeLoarch v. Bevers, 922 F.2d 618-622 (10th Cir. 1990) (denying qualified immunity to police officer on § 1983 claim in light of deliberate conduct amounting to a cover-up).

### b. Municipal Liability

Second, Defendants contend that they are shielded from liability under Monell v. New York City Dept. of Social Servs., supra. Defendants correctly point out that Monell stands for the proposition that a municipality cannot be held liable under § 1983 on a theory of respondeat superior merely because one of its employees is a tortfeasor. Monell, 436 U.S. at 692. Rather, municipalities can only be held liable where a plaintiff's injury was caused by some action taken pursuant to official municipal policy or custom. Id. at 694. In other words, the act must be officially sanctioned or ordered by the municipality. City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988).

Plaintiffs have alleged that there was a cover-up that was officially sanctioned or ordered by the "inactive" Defendants. That allegation is sufficient to avoid dismissal.

Accordingly, Plaintiffs may pursue their § 1983 claim based on the alleged cover-up against all Defendants.

B.  **State Law Claims (Counts II, III, and IV)**[5]

The parties agree that the doctrine of governmental immunity, as enunciated in <u>American Structures v. City of Baltimore</u>, 363 A.2d 55 (Md. 1976), bars all state law claims against Anne Arundel County except those alleging negligent operation of an emergency vehicle pursuant to Md. Code Ann. Cts. & Jud. Proc. § 5-639.[6] They also agree that the statute bars claims against the operator of an emergency vehicle unless the operator has committed a malicious act or was grossly negligent. Md. Code Ann. Cts. & Jud. Proc. § 5-639(b)(2).[7]

---

[5] Plaintiffs concede that the public official immunity doctrine, as enunciated in <u>James v. Prince George's County</u>, 418 A.2d 1173 (Md. 1980), precludes their state law claims from proceeding against all of the individual defendants except for Officer Perron. Accordingly, the claims asserted against Defendants Owens, Shanahan, and Bowman in Counts II, III, and IV of the Complaint are dismissed without discussion.

[6] The statute provides: "An owner or lessee of an emergency vehicle, including a political subdivision, is liable to the extent provided in subsection (d) of this section for any damages caused by a negligent act or omission of an authorized operator while operating the emergency vehicle in the performance of emergency service." Md. Code Ann. Cts. & Jud. Proc. § 5-639(c)(1). Pursuant to Maryland's Transportation Code, incorporated by reference in subsection (d) of this statute, Anne Arundel County's liability in this case cannot exceed $40,000. <u>Id.</u> § 17-103(b)(1).

[7] If the operator of the vehicle is found to have acted in a malicious or grossly negligent manner, then only Officer Perron, and not Anne Arundel County, can be held liable. Md. Code Ann. Cts. & Jud. Proc. § 5-639(b)-(c). Plaintiffs, therefore, will only be able to recover from <u>either</u> the County or

Defendants contend that none of the claims asserted in Counts II, III, or IV of the Complaint alleges negligence or gross negligence based upon the actual motor vehicle accident, and therefore should be dismissed for failure to state a cause of action under § 5-639.  Defendants point out that Plaintiffs' state law claims allege that Defendants failed to "adopt, incorporate and enforce such rules, regulations, policies, and procedures for the driving, operation and management of police cars as would reasonably protect Plaintiffs and other citizens," and also failed to "properly supervise and review the operations and management of the . . . [AACPD] activities and work performance of Ofc. Perron."  (Compl. ¶¶ 27, 30, 33.)  However, Defendants overlook the fact that each Count, entitled "Negligence," incorporates by reference all of the allegations set forth in the Complaint's preceding paragraphs, which describe in detail the motor vehicle accident at issue.  Moreover, in Paragraph 15 of the Complaint, Plaintiffs specifically allege that Officer Perron "operated his police vehicle in . . . a reckless manner."  (Id. ¶ 15.)  This allegation falls squarely within the scope of § 5-639.

---

Officer Perron, depending on the level of culpability that they can prove.  Nothing precludes them, however, from alleging alternate theories of litigation in the Complaint.  Accordingly, Plaintiffs have stated valid claims against both Defendants.

Plaintiffs, in their Opposition, request leave to amend the Complaint "[i]n order to clarify" that the Complaint "alleges claims against Officer Perron and Anne Arundel County, for, <u>inter alia</u>, the negligent and grossly negligent operation of a police vehicle." (Opp. Mem. at 13.) Because "leave shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), Plaintiffs would, if necessary, be permitted to amend their Complaint in order to clarify that their state law claims against Anne Arundel County and Officer Perron arise under § 5-639. <u>See also</u> <u>Island Creek Coal Co. v. Lake Shore, Inc.</u>, 832 F.2d 274, 279 (4th Cir. 1987) ("[In exercising its discretion, a district court] should focus on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend . . . .").

In the instant case, the Court has found that the Complaint, albeit not precisely, sets forth a claim under § 5-639. Defendants are, at least as of the date of this Order, on notice of the claim. Accordingly, the Court sees no reason for Plaintiffs to file an Amended Complaint. Nevertheless, if Plaintiffs wish to do so, they may file a Supplemental Complaint which can incorporate the Complaint by reference and simply clarify that Plaintiffs are asserting a claim under §5-639.

IV. CONCLUSION

For the foregoing reasons,

1. The Motion to Dismiss, or, in the Alternative, for Summary Judgment submitted by Defendants P. Thomas Shanahan, Timothy R. Bowman, Janet S. Owens, Anne Arundel County and Officer Stephen C. Perron is DENIED in part and GRANTED in part.

2. Plaintiffs may, but need not, file a Supplemental Complaint which can incorporate the Complaint by reference and clarify that Plaintiffs are asserting a claim under §5-639. Defendants need not respond to any such Supplemental Complaint.

3. This case shall proceed in accordance with the Scheduling Order being issued herewith.

SO ORDERED this 15th day of May, 2001.

_____
Marvin J. Garbis
United States District Judge